**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

MICHAEL SIMARD,
*Claimant-Appellant*,

v.

$999,830.00 IN UNITED STATES
CURRENCY,
*Defendant*.

No. 11-15528

D.C. No.
2:09-cv-00086-
KJD-GWF

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted
August 9, 2012—Pasadena, California

Filed December 10, 2012

Before: Stephen Reinhardt, Barry G. Silverman,
and Kim McLane Wardlaw, Circuit Judges.

Per Curiam Opinion

**SUMMARY**[*]

### Standing / Civil Forfeiture

The panel reversed the district court's judgment striking a claim to $999,830 in a civil forfeiture proceeding.

The panel held that the district court erred in striking the claim by applying the standard of proof for a claimant asserting a possessory, rather than an ownership, interest in property. The panel held that claimant's unequivocal assertion of ownership established Article III standing at this preliminary stage of the proceedings.

### COUNSEL

Ronald N. Richards, Law Offices Ronald Richards and Associates, A.P.C., of Beverly Hills, California, for Claimant-Appellant.

Michael A. Humphreys, United States Attorney's Office, Las Vegas, Nevada, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Michael Simard appeals the district court's order striking his claim to $999,830 in this civil forfeiture proceeding and the district court's denial of his motion for reconsideration of that order.  The district court concluded that Simard lacked Article III standing, struck his claim and entered judgment in favor of the government.  The district court also denied his motion for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court erred in granting the motion to strike by applying the standard of proof for a claimant asserting a possessory, rather than an ownership, interest in property.  In a civil forfeiture proceeding, "[a]t the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012).  A claimant asserting a mere possessory interest must do more, and explain their possession of the property.  *Id.*  Simard introduced a sworn declaration in support of his claim "asserting a legal right and ownership interest in the monies seized from me."  This unequivocal assertion of ownership establishes Article III standing at this stage of proceedings.

The disclaimer form and statements allegedly made by Simard during the traffic stop, and relied upon by the district court, may be relevant evidence at such time as a motion for summary judgment is filed.  *See $133,420.00*, 672 F.3d at 638–39.  However, that evidence is not properly weighed against Simard's unequivocal assertion of ownership for

determining the existence of Article III standing at this preliminary stage of the proceedings.

Because we hold that the district court erred in striking his claim, Simard's appeal of his motion for reconsideration of that determination is moot.

**REVERSED AND REMANDED.**